The judgment is affirmed.

# Shreiner's Appeal.

1. The parts of a will are to be reconciled where they can be, and one clause permitted to displace another only in case of invincible repugnancy.

2. All writings, and wills more than others, are to be construed as wholes; parts should interpret and modify other parts.

3. A testator gave $2500 to his daughter, " her heirs and assigns," to be paid by his son " as soon as conveniently can be done," with interest from his death until the payment. In a subsequent clause, he ordered when his son should pay the $2500, " and my said daughter shall be then unmarried, then I direct that the same be paid to my executors, who are to put the same out at interest, and pay the interest to my daughter as long as she remains single." *Held*, that the legacy was the daughter's, but whilst she remained single the executors should pay her the interest; on her marriage she would receive the fund, and on her death unmarried it would go to her heir.

APPEAL of John Shreiner, executor, &c., of George Shreiner, deceased, from the decree of the Orphans' Court of *Lancaster county.*

George Shreiner by his will, proved April 19th 1851, gave, in the 3d clause, his plantation to his son David Shreiner in fee, and charged it with $7000, at which he valued it to the devisee; $3500 of this sum was to be retained as his share of the estate, and the remainder to be paid as follows: " $2500, part thereof, to my daughter Catharine Shreiner, her heirs and assigns, by my said son David Shreiner, as soon as conveniently can be done, with interest at 5 per cent. on the same, to be reckoned and calculated from the day of my decease until the day of payment thereof, and $1000, the residue and remainder thereof, to my son George Shreiner, his heirs and assigns, as soon as practicable after my decease, with interest at 5 per cent. on the same, to be reckoned and calculated from the day of my decease until the day of payment thereof. And the lands and premises are further subject to and charged with all and singular the use, occupation, rights and privileges hereinafter given to my said daughter Catharine Shreiner." In the 5th clause: " I give, &c., to my daughter Catharine, her heirs and assigns, the sum of $2500 to be paid to her as aforesaid by my said son David Shreiner out of the lands and premises given and devised to him as aforesaid,

&c., &c." In the 10th clause: "And I do moreover order and direct, and my will is, that when my said son David shall pay the said sum of $2500, ordered and directed to be paid by him to my said daughter Catharine out of the lands and premises given and devised to him as aforesaid, and my said daughter Catharine shall then be single and unmarried, then in that case I do order and direct that the same be paid to my executors hereinafter named, who are to put and place out the same at interest on good security, at such rate as can be obtained, and pay the interest of said sum from time to time as the same accrues, to my said daughter for and during the time and as long as she remains single and unmarried."

Catharine, November 21st 1865, petitioned the Orphans' Court, setting forth the above devise and bequests; that David Shreiner, the devisor, was dead; that since his death, John Shreiner, the surviving executor, had received her $2500, had paid her the interest and $100 of the principal, but refused to pay her the balance, $2400, and praying the court to decree that he should pay it to her. The executor answered, admitting the facts of the petition, and averred that Catharine was still unmarried and entitled to no more than the interest whilst she remained unmarried. The Orphans' Court decreed that the executor should pay the $2400, with interest to Catharine.

This decree was assigned for error.

*J. B. Amwake* and *G. M. Kline*, for appellant, cited 1 Jarman on Wills 412; Lewis's Estate, 3 Whart. 162; German *v.* German, 3 Casey 116; Stickle's Appeal, 5 Id. 234; Crone *v.* Odell, 1 Ball & B. 449; Sherat *v.* Bentley, 2 My. & K. 149; Smith on Executory Interests, p. 26, § 78 a ;. p. 111, § 247.

*H. B. Swarr*, for appellee.

The opinion of the court was delivered, June 25th 1866, by

WOODWARD, C. J.—The parts of a will are to be reconciled where they can be, and one clause permitted to displace another only in a case of invincible repugnancy. The 3d and 5th clauses of the will now before us do very unequivocally vest in Catharine Shreiner, the testator's daughter, a title to the legacy of $2500, and the 10th clause with equal clearness places it with the executor in trust for her, the interest to be paid to her so long as she remains single and unmarried. Taking the will altogether, it is the not uncommon case of a right presently vested, with the enjoyment in possession postponed to a future event, the legatee meantime enjoying the usufruct. The event upon which the possession of the fund was limited was her marriage—the ceasing of her celibacy. The legacy was hers, but whilst she remained

[Shreiner's Appeal.]

single the executor as her trustee should invest it and pay her the proceeds. In the event of her marriage the trust would cease, and she would succeed to the possession of the fund, and in the event of her death before marriage it would go to her heir.

Such seems to be the tenor of the will when its facts are reconciled with each other. But the learned judge treated the creation of the trust by the 10th clause as inconsistent with the absolute gift before expressed, and therefore void, and he accordingly rejected it. We do not think that a sound interpretation. All written documents and wills, more than all others, are to be construed as wholes—parts should interpret and modify other parts—and the intention which permeates the whole cannot but be accepted as the final meaning of the instrument.

Now, to wit, June 25th 1866, this cause having been argued and submitted, it is here considered, adjudged and decreed, that the decree of the Orphans' Court of Lancaster county that John Shreiner, surviving executor of George Shreiner, deceased, pay over to Catharine Shreiner the sum of $2400, with interest at 5 per centum from April 1st 1865, be set aside, reversed and taken for nought, and that the bill or petition of said Catharine in this behalf be dismissed at her costs.