In re Estate of Daniel H. Solliday, deceased. Appeal of Marie S. Martin.

*Will—Conversion—Power to sell real estate—Discretion of executors.*

Testator by his will gave to his children "all the estate real and personal" of which he might die seized. He gave his executors "full power to settle up my estate; but my real estate shall not be sold until ten years after my death and after the expiration of ten years from my death my executors are hereby authorized to sell the same, or any part thereof." *Held*, that there was no conversion of the real estate under testator's will.

Argued March 31, 1896. Appeal, No. 89, Jan. T., 1896, by Marie S. Martin, from decree of O. C. Phila. Co., overruling exceptions to adjudication. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the adjudication of PENROSE, J., which was as follows :

The decedent died June 27, 1883. By his will, proved July 10, 1883, he gave his estate in equal shares to his children, Wellington W. Solliday, John A. Solliday, Marie S. Martin, and Louisa Richardson, the shares of the daughters being given in trust for them for life and at their deaths, respectively, to their children, etc.

By instrument under seal, dated July 8, 1893, John A. Solli-

day assigned his interest in the estate to his sister, Mrs. Marie S. Martin, in consideration of her agreement to provide him with proper and necessary maintenance, care and attention, so long as said duty shall be required of her. This agreement, as the evidence shows, was fully performed on the part of Mrs. Martin during the lifetime of John A. Solliday. He had, it is true, a room on Second street, in which were his watch-making tools, etc., where he spent much of his time, and where he died. But this was voluntary on his part; and he retained his room in Mrs. Martin's house, which was regarded as his home, and the relations between the brother and sister were always friendly and affectionate. He died, as represented to the court, February 28, 1894, and letters of administration upon his estate were granted to Wellington W. Solliday.

His share of the estate must, therefore, be awarded to Mrs. Martin if it passes as personalty, but on the 1st of June, 1893, a judgment was obtained against him by The Real Estate Title Insurance and Trust Company (of March Term, 1893, No. 1023, common pleas, No. 2,) for $11,330.76, upon which there is due a balance of $3,429.87; and as the account is of the proceeds of sale of real estate, and the lien of the judgment precedes the date of the assignment, the share must be awarded to the judgment creditor, unless the will, under the provisions of which the sale was made, works a conversion. This is the only question requiring consideration.

The material parts of the will are as follows: " All the estate, real and personal, of which I may die seized, possessed, or entitled to, I give, devise, and bequeath to my four children, Wellington W. Solliday, John A. Solliday, Marie S. Martin, and Louisa Richardson, as follows: Wellington and John to have their shares absolutely, and the shares falling to Marie and Louisa to be held by my executors in trust to pay over the interest and income to them so long as they live and after their decease the principal to go to their children, and in default of children or issue the same to go to my surviving children and the issue of any deceased; the interest and income to be paid over half yearly or oftener if expedient, and to be free from the control of their husbands.

"Item. I nominate my two sons, Wellington W. Solliday and John A. Solliday, to be the executors of this my will, with

full power to settle up my estate.   But my real estate shall not
be sold until ten years after my death, and after the expiration
of ten years from my death my executors are hereby authorized
to sell the same or any part thereof and make a good title to
the purchaser, free from liability on the part of the purchaser
to look to the application of the purchase money.

"I direct that all investments of my estate shall be in first
mortgages or such securities as are allowed by law and approved
by the orphans' court."

The auditing judge is unable to find in these provisions any
evidence of an intention on the part of the testator that his
children shall take their shares of his estate as personalty.   It
is true he gives to his executors full power to "settle up" his
estate; but this expression is fully satisfied by understanding
it as referring to a partition of his real estate as well as a
division of the personal estate.   The gift to his children is of
"all the estate, real and personal" of which he may die seized;
and the power given to the executors with regard to the realty
is purely discretionary.   They are forbidden to sell within ten
years after his death.   After that they are "authorized" to sell
"the same or any part thereof."   The authorities on this sub-
ject are uniform: Peterson's Appeal, 88 Pa. 397; Anewalt's
Appeal, 42 Pa. 414; Lindley's Appeal, 102 Pa. 235; Hunt's
Appeal, 105 Pa. 128, etc.

Of course, if instead of giving their shares to his children,
directly, the estate had been given to the executors in trust to
divide, the result might have been different—since in that case
there would have been a blending of realty and personalty; but
here there is no trust except as to the shares of the daughters,
and there is neither a positive direction to sell nor an absolute
necessity to sell in order to execute the will.

As there was no conversion, the share of John A. Solliday in
the real estate of the testator was bound by the judgment so
obtained, which was the first lien and therefore entitled to
priority of payment.

Exceptions to the adjudication were overruled by the court.

*Errors assigned* were in overruling exceptions to adjudica-
tion.

Joseph W. Hunsicker, George M. Wagner with him, for appel-

lant.—The power of sale in the will worked a conversion of the real estate into personalty: Dundas's App., 64 Pa. 325; Roland v. Miller, 100 Pa. 47; Mellon v. Reed, 123 Pa. 1; Jones v. Caldwell, 97 Pa. 42; Darlington v. Darlington, 160 Pa. 65; Marshall's Est., 147 Pa. 77; Fahnestock v. Fahnestock, 152 Pa. 56.

*Emil Rosenberger*, *A. Atwood Grace* with him, for appellee.

PER CURIAM, April 13, 1896:

The decree of the court below in this case is affirmed on the opinion of the auditing judge. The provision in the will regarding the sale of the real estate does not come within the operation of any of the cases cited for the appellant. There was a positive prohibition of any sale for ten years after testator's death, and only a discretion to sell after that. There was no bequest of the proceeds of sale specifically as such and hence no implication of a necessity to sell for that purpose.

Decree affirmed and appeal dismissed at the cost of the appellant.