## Stark *v.* Byers.

*Will—Charge on land—Monument at grave.*

Where a testator gives all of his estate, real and personal, to his wife for life, with remainder to a friend whom he makes his executor, and charges this remainder with certain legacies, and further directs his executor to erect a monument at his grave, not to exceed a sum stated, the cost of the monument is not a charge on the land.

*Mortgage—Interest—Life tenant—Widow.*

Where a testator seized of real estate subject to mortgage devises a life estate in the land to his widow, and it appears that the widow before the death of the testator has acquired by assignment a portion of the mortgage, but during her life tenancy neglects to pay the interest on the other portion of the mortgage, such interest may be deducted from her share of a fund created by foreclosure proceedings on the mortgage.

Argued Oct. 10, 1905. Appeal, No. 188, Oct. T., 1905, by W. R. Barnhart, Exr. of Mrs. C. H. Stark, deceased, from order of C. P. Westmoreland Co., Aug. T., 1900, No. 552, dismissing exceptions to auditor's report in case of Mrs. C. H. Stark, Assignee of W. R. Barnhart et al., v. W. S. Byers, Exr. of C. H. Stark, deceased. Before MITCHELL, C. J.,

FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to auditor's report. H. W. Walkinshaw, Esq., auditor.

From the record it appeared that the fund for distribution before the auditor was raised in foreclosure proceedings under a mortgage created by Caleb H. Stark in his lifetime. The mortgage originally amounted to $20,000, and $4,000 of this had been assigned by Barnhart to Mrs. C. H. Stark in her husband's lifetime. Stark by his will gave his wife a life interest in his real and personal property.

Other facts appear by the auditor's report which was in part as follows :

In the verdict fixing the amount due Mrs. C. H. Stark, the court refused to allow any interest to her, except up to the time her life estate began, and it further decided that she was liable for the payment of the interest accumulated on this mortgage during her life tenancy. That portion of the opinion of his honor Judge McCONNELL, which bears on this question, and was filed at that time, is as follows :

There is no dispute between the parties about the fact that Mrs. C. H. Stark, through these assignments, became possessed of the right to $4,000 of the mortgage debt, and is yet the owner of it. The verdict ascertains that she is the widow of C. H. Stark, deceased, and through his will is possessed of a life estate in the mortgaged premises. It also ascertains that this life estate vested in her by the death of her husband on January 1, 1899.

There is but one question of law involved in this special state of facts, and that is, whether Mrs. C. H. Stark can collect interest on her share of the mortgage since the time she became tenant for life of the mortgaged premises through her husband's will. It is the duty of a life tenant to pay the interest falling due on incumbrances ; interest on a mortgage is payable by the life tenant whether the mortgage was created by the testator who devised the life estate or by a former owner : Derr's Est., 13 Phila. 224 ; Pennock v. Imbrie, 3 Phila. 140 ; Gross's Est., 18 Phila. 154 ; Fidelity Ins., etc., Co. v. Dietz, 132 Pa. 36 ; Stoops's Est., 31 Pitts. L. J. 34 ; Lang's Est., 31

Pitts. L. J. 173; School's Est., 1 Pitts. 358; McDonald v. Heylin, 4 Phila. 73; Jewell's Est., 1 W. N. C. 404; Schurr's Est., 13 Phila. 353.

Mrs. Stark was therefore liable for the payment of the interest that has accumulated on this mortgage during her life tenancy of the mortgaged premises. The original mortgagee and his assignees, other than Mrs. Stark, are not compelled to regard the existence of this duty which had its inception since the making of the mortgage, but may enforce the mortgage against the entire title as it existed in the mortgagor when the mortgage was given.

A widow, tenant for life, is bound to keep down encumbrances, pay taxes, water rent and repairs in exoneration of those entitled in remainder: Schurr's Est., 13 Phila. 353.

When a life tenant neglects to pay the taxes and the remainder-man pays the taxes, the latter may recover the amount of such payments from the estate of the deceased life tenant: Shue's Est., 5 York, 25.

There is no apparent reason why this would not be true of interest which it was the duty of the life tenant to pay. The law does not favor such circuity of action.

The question arises whether, if Mrs. Stark, the life tenant, neglected to pay the interest due during her life estate on that part of the mortgage assigned to Mrs. Mary M. Barnhart, to wit: the sum of $1,277.20, and the interest on that part of the mortgage assigned to W. R. Barnhart, to wit: the sum of $3,057.89, for the same period, under the law and the direction of the court at the time of the rendition of the verdict aforesaid the auditor can deduct this amount of interest from the sum coming to the estate of Mrs. C. H. Stark out of this fund.

The estate of Mrs. C. H. Stark is liable to the remainder-man for these amounts of interest, and they could be collected by him out of her estate, if they had been collected from him. It is from the estate of Mrs. C. H. Stark as represented in this distribution that the auditor proposes to deduct these amounts of interest. It is simply having her estate do that which the law compels her to do. If her executor had paid it he would be entitled to repayment from the funds of the estate afterwards coming into his hands: Gross's Est., 18 Phila. 154; McKerrahan v. Crawford, 59 Pa. 390.

Other portions of the auditor's report are quoted in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*H. Clay Beistel,* with him *James E. Keenan,* for appellant.

*James S. Moorhead,* with him *C. E. Heller,* for Jacob Byers. *Paul H. Gaither* and *Cyrus E. Woods,* for William S. Byers.

PER CURIAM, October 30, 1905:

Two questions are raised by the amended assignments of error. As to the first, the auditor reported :

" As to the claim for $1,500 for the erection of monuments at the graves of C. H. Stark and his wife.

" The claim is made that it was the intention of the testator, C. H. Stark, to give to W. S. Byers only what was left after paying all legacies and performing all duties in the will. The testator is very careful to designate the legacies that are charged on the land. He uses the following language : " I give, devise and bequeath unto my beloved wife, Ann Lavina Stark, all my estate, real, personal and mixed, of what nature or kind soever and wheresoever the same may be at the time of my decease for and during the term of her natural life, and at her death I give, devise and bequeath all of my estate as aforesaid, unto my friend William S. Byers, Attorney at Law, of Greensburg, Pa., to him, his heirs and assigns forever, subject, however, to and charged with the payment of the following legacies and bequests : "

" There can be no doubt that the legacies which follow are charges on the land. But the direction as to the above claim of $1,500 is not in this list. Before making the explicit charges on the land, the testator uses the following language as to this claim:

" I direct that my executor hereinafter named shall erect or cause to be erected at my grave and at that of my wife when she shall depart this life, suitable monuments, the costs of which shall not exceed the sum of $1,500. He, my said executor shall use his discretion and best judgment in regard to

the erection of the monuments for myself and wife . . . . he having an intimate knowledge of my wishes and desires in regard thereto. I further direct that in the settlement of his accounts he shall have credit for all moneys expended by him in the carrying out of my wishes and desires."

"There is no specific amount mentioned. The will seems to fix only an amount which is to be determined by the executor, not to exceed $1,500. How much could be impounded for this purpose? One hundred dollars? Five hundred dollars? One thousand dollars? Or fifteen hundred dollars?

"In the brief submitted by the learned counsel for this claim the law does not exactly fit the facts of the present case before us. The words used after certain directions are, "Rest, Residue and Remainder," clearly showing that what was left was given under the will.

"In this case the testator, C. H. Stark, gives to his wife all his estate, real, personal and mixed, and at her death to W. S. Byers all his estate as aforesaid, charged with certain specific legacies.

"The auditor is of the opinion that this claim is not a charge on the land and should not be allowed out of the fund here for distribution."

On the other question the auditor quoted the opinion of the learned judge below filed at an earlier stage of the case. On that opinion and the portion of the auditor's report quoted the decree is affirmed.