# Henszey's Estate.

*Wills—Conversion—Changing course of descent—Discretionary power to sell.*

The law does not favor conversion where the result will be to change the course of inheritance, and in such case it will be presumed no farther, than is necessary to carry out the intent of the testator. If in a qualified direction by a testator to sell real estate, the sale is prevented by the qualification, until the course of descent is changed by death, it will descend as land, and not as money.

Where a testator orders land to be sold, and certain legacies paid out of the proceeds, the surplus money after the payment of the legacies, goes to the heir at law, and not to the executor, as it would were it considered the residue of personal estate.

A sale made by trustees, for the convenient management of the trust, and not under positive directions in the will, does not alter the course of distribution.

Testatrix died leaving a will by which she created a trust for a person named for life, and upon the death of such person she directed her trustees to divide the principal of her estate into four equal parts, and to grant, convey and pay one part to her son, and made similar gifts of the ·

other parts to other persons. The son died prior to the life tenant, leaving a widow and children. The land remained unsold until after the death of the life tenant. The will gave the trustees a discretionary power of sale. After the death of the life tenant the land was sold under the power. *Held*, that the one-fourth of the estate, representing the son's share, passed as real estate to his wife and children.

Argued Jan. 9, 1908.    Appeal, No. 320, Jan. T., 1907, by John Lloyd, assignee of Rose C. Henszey, from decree of O. C. Phila. Co., dismissing exceptions to adjudication in Estate of Margaret A. Henszey, deceased.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Exceptions to adjudication.

By her will testatrix devised her estate in trust (1) to pay out and expend the sum of $800 for the support and mainte. nance of her daughter ; (2) to lay out and expend for the support and maintenance of her granddaughter, upon the death of the daughter, a sum not exceeding $600 ; (3) to provide for the burial of her granddaughter in case of her death ; (4) to set aside the sum of $200 to meet any sudden demands; (5) upon the death of her daughter, " I direct my said trustees to divide the principal of my estate into four equal parts, and to grant, convey and pay one of said fourth parts unto my son, George C. Henszey, his heirs, executors, administrators and assigns," and the same as to the other three children ; and (6) should the income of the estate not be sufficient to support and maintain her daughter during her life, and her granddaughter, while single and unmarried during the daughter's lifetime, or pay her the annuity of $200, or pay for the expenses of their burial, then she authorized, empowered and directed her said trustees to use as much of the principal of her estate as shall be necessary for the purpose aforesaid.

Testatrix then gave a power of sale, as follows:

" Item.    I authorize, empower and direct my said executors and trustees to sell all or any part of my real estate at such time and times as they shall think proper, either at public or private sale or sales for the best price or prices that can be obtained for the same and upon receipt of the purchase money to sign, seal and execute and deliver to the purchaser or pur-

chasers thereof, good and sufficient deeds or conveyances for the same in fee simple or reserving ground rents free, clear, and discharged of and from all debts and trusts and limitations and without any liability on the part of said purchaser or purchasers to see to the application of the purchase money."

The testatrix died July 5, 1894.

George C. Henszey, the son, about whose estate the contest has arisen, died May 18, 1901, leaving surviving his widow, Rose C. Henszey, and six children.

Ellen D. C. Henszey, the daughter, died December 3, 1903.

The auditing judge, Ashman, P. J., held that the share of George C. Henszey was not converted prior to the actual sale after the death of the life tenant, and that it passed from George C. Henszey as real estate.

Exceptions to the adjudication were overruled in an opinion by Anderson, J.

*Error assigned* was in dismissing exceptions to adjudication.

*John Houston Merrill*, for appellant.—There was a conversion by the actual sale : Ingersoll's Estate, 167 Pa. 536; Lackey's Est., 149 Pa. 7 ; Solliday's Est., 175 Pa. 114; Holmes' Est., 15 Pa. Dist. Rep. 774.

*Clinton A. Sowers*, for appellee, was not heard.

Opinion by Mr. Justice Potter, March 2, 1908:

It appears from the history of this case, that Margaret A. Henszey died testate, July 5, 1894. She gave her estate to trustees for certain purposes, and directed her trustees upon the death of a daughter, to divide the principal of her estate into four equal parts, and to grant, convey and pay one of said fourth parts unto her son, George C. Henszey, his heirs, executors, administrators and assigns; and made similar gifts of the other parts to other persons. George C. Henszey died May 18, 1901, leaving a widow, Rose, and six children. He devised his property as though it were to pass under the intestate law. Ellen Henszey, the daughter of testatrix, died December 3, 1903, and at the time of her death, the fund here for distribution was real estate. The interest of Rose C.

Henszey, wife of George C. Henszey, vested in her at the death of her husband, and it was of course real estate at that time.

The contention of appellant in the court below, was that there was a conversion under the terms of testator's will. This was the only question considered in the adjudication and in the opinion of Judge ANDERSON, except that in the last paragraph of the opinion it is said: "At the argument the point was made by one of the exceptants that the actual sale under the power would, of course, work a conversion. This is true, but has no application to the question at issue. The interest of Rose C. Henszey having vested in her as real estate, will not be changed into personalty by a sale subsequent to such vesting."

Appellant's counsel concedes that under the will there is no equitable conversion, and says that the case does not involve that question, but " a question of the legal effect of an actual conversion." It is therefore unnecessary to discuss the authorities on the subject of equitable conversion. The decision of the court below, that there was no equitable conversion under the will is admittedly correct and sustained by all the cases. The sale of the real estate in this case was not obligatory, but was made at the discretion of the trustees.

In Cooper's Estate, 206 Pa. 628, we held that where executors sold land under a discretionary power more than two years after the death of the testator, his debts not of record having lost their lien, were not payable out of the fund. Justice BROWN said (p. 632): " The conversion of the testator's farm took place, therefore, when, in the exercise of the mere discretion reposed in the executor, to be exercised only on a certain condition, it was sold on September 21, 1900—more than two years after the death of the testator." So in the case at bar, the conversion did not take place until the actual sale by the trustees under their discretionary power. But at that time, the law had already determined the respective interests of Mrs. Henszey and her children in the land sold, and those interests could not be altered by the act of the trustees. To the same effect as the case last cited are Solliday's Estate, 175 Pa. 114, and Anewalt's Appeal, 42 Pa. 414.

The law does not favor conversion where the result will be

to change the course of inheritance, and in such case it will be presumed no farther than is necessary to carry out the intent of the testator: Darlington v. Darlington, 160 Pa. 65. If in a qualified direction by a testator to sell real estate, the sale is prevented by the qualification, until the course of descent is changed by death, it will descend as land, and not as money : Henry v. McCloskey, 9 Watts, 145.

The principle set forth in Wilson v. Hamilton, 9 S. & R. 424, is also applicable in this case, and that is, where a testator orders land to be sold, and certain legacies paid out of the· proceeds, the surplus money after the payment of the legacies, goes to the heir at law, and'not to the executor, as it would were it considered the residue of personal estate. This principle is also recognized in Raleigh's Estate, 206 Pa. 451.

We think it may properly be considered a sound rule, that a sale made by trustees, for the convenient management of the trust, and not under positive directions in the will, does not alter the course of distribution. The assignments of error are overruled and the decree of the orphans' court is affirmed.