## Patton's Estate.

*Will—Construction — Later clauses — Repugnant clauses — All standing together—Trusts.*

1. The rule that the later of incompatible clauses in a will must prevail, is invoked only as a last resort, and when there is an utter repugnancy.

2. A will must be so construed, if possible, as to give effect to all its provisions.

3. A clause in a will is never construed by itself but in connection with the entire document.

4. The fact that a later clause in a will, standing alone, gives the residuary estate directly to a legatee, is not controlling, where it appears that an earlier clause expressly subjects that estate to a trust.

Argued September 30, 1920. Appeal, No. 55, Oct. T., 1920, by George W. Patton, Trustee of Ocie Anna Shepler, from decree of O. C. Westmoreland Co., Nov. T., 1918, No. 53, dismissing exceptions to schedule of distribution in estate of Robert G. Patton, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Exceptions to schedule of distribution.   Before COPE-
LAND, P. J.

The opinion of the Supreme Court states the facts.

The court below awarded a share of the estate directly
to Ocie Anna Shepler and dismissed exceptions thereto.
George W. Patton, trustee, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*John E. Kunkle,* for appellant.—Wills like contracts
are to be construed according to the actual intent of the
maker, as ascertained from his words: Ihrie's Est., 162
Pa. 369, 373; Hart v. Stoyer, 164 Pa. 523; Mutter's Est.,
38 Pa. 314; Moore's Est., 241 Pa. 253; Shreiner's App.,
53 Pa. 106; Horwitz v. Norris, 60 Pa. 261; Packer's Est.
(No. 1), 246 Pa. 97; Hermann's Est. (No. 2), 220 Pa.
52; Rudman's Est. (No. 2), 244 Pa. 252; Line's Est.,
221 Pa. 374; Smith v. Piper, 231 Pa. 378; Hoopes's Est.,
231 Pa. 232.

*Robert W. Smith,* with him *James S. Moorhead,* for
appellee, cited: Hoopes's Est., 231 Pa. 232; Smith v.
Piper, 231 Pa. 378.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

This is an appeal from an adjudication in the orphans'
court and involves the question as to whether a certain
legacy is payable direct to the legatee or to a trustee for
her use.

Robert G. Patton died testate in 1917, and item 3 of
his last will is: "I give and Bequeath to my Daughter,
Ocie Anna, now the wife of D. R. Shepler, M.D., all that
lot or Plat of ground on which is erected valuable Build-
ings.   Situated in West Newton Borough, Westmore-
land Co., State of Pennsylvania, on Corner of Main and
Second Streets, formerly known as the Dick Bank prop-
erty.   And I do nominate and appoint my Son, George
W. Patton, as Trustee with authority and Power to Re-

strain or Prohibit the sale of the above named Property, for the payment of Taxes, or Insurance fees, and shall not be Deeded away without his consent. He shall also take charge of her share in the Residue of my Estate and shall put the same on interest and pay to her all the Interest and profits arising therefrom and at her death shall divide the Principle Equally among her children, share in and share alike. And shall act as Guardian for her Minor children Provided However if the Taxes and Insurance Fees on the above named Real Estate are not promptly paid as they become due. He shall use such an amount of said Interest as is necessary to satisfy and cancel all such claims."

And item 6 is: "And I further direct if my Executor finds my assets greater than the Bequests I have made he shall divide the same equally among my Children. Namely, Mary O. Croushore, Allie S. Allen, Ocie A. Shepler, George Wm. Patton, Fred E. Patton, share in and share alike."

The will names the son, George Wm. Patton, as executor, and provides for testator's other children, but contains no further bequest for Mrs. Shepler. The auditing judge awarded her share of the residuary estate to the trustee, for her use, but the orphans' court modified the adjudication by ordering the fund paid directly to the daughter, on the theory that items 3 and 6 are inconsistent and the later prevails.

The trustee's appeal must be sustained. The rule that the later of incompatible clauses in a will must prevail, is undoubted, but it is invoked only as a last resort, where there is an utter repugnancy (Simpson's Est., 245 Pa. 244; Hart v. Stoyer, 164 Pa. 523; Mutter's Est., 38 Pa. 314), which here there is not. This case falls under another familiar rule, that a will must be so construed, if possible, as to give effect to all its provisions: Smith v. Piper, 231 Pa. 378; Moore's Est., 241 Pa. 253; Shreiner's App., 53 Pa. 106; McDevitt's App., 113 Pa. 103; Rudman's Est., 244 Pa. 253. So doing, the two items

stand together and the 6th creates the residuary estate which the 3d expressly subjects to the trust. The testator's language must govern (Line's Est., 221 Pa. 374), and here it is too plain to require construction. The fact that item 6, standing alone, would give the residuary estate directly to the legatee is not controlling, as it must be read with item 3, which expressly subjects that estate to the trust. A clause in a will is never construed by itself but in connection with the entire document. As to the residuary estate, item 3 creates a valid active trust and it is unnecessary now to determine the status of the real estate therein devised to Mrs. Shepler.

The order of the orphans' court is reversed and the record is remitted with direction that the fund in question be paid to appellant, trustee, as adjudicated by the auditing judge. The costs of this appeal to be paid by appellant from the income of the residuary estate.