## Nelson's Estate.

*Wills—Construction—Devise—Power of sale—Exercise of power —Effect on devise—Conversion—Estoppel.*

1. A mere power of sale is insufficient for the purpose of converting real estate into personalty. There must be a positive direction or an absolute necessity to sell to execute the will, or such blending of real and personal estate as to show a clear intention to create a fund out of both and bequeath the same as money.

2. Where testator devises his real estate to his daughter and later in the will gives his executor power to sell real estate, and owing to failure of personal estate it is necessary to sell the real estate for the payment of debts, the remainder of the proceeds thereof in the hands of the executor after the payment of debts, is properly awarded to the daughter. The fact that the daughter joined in the deed does not defeat her rights.

3. A sale of real estate made necessary in connection with the settlement and distribution of the estate and not because of positive directions to sell, does not alter the course of distribution.

Argued October 1, 1923.  Appeal, No. 4, Oct. T., 1923, by Ella Stewart, devisee, from decree of O. C. Beaver Co., Dec. T., 1921, No. 13, affirming auditor's report in estate of John Nelson, deceased.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Exceptions to auditor's report.  Before BALDWIN, P. J. The opinion of the Supreme Court states the facts.

Exceptions to auditor's report dismissed.  Ella Stewart, devisee, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Richard S. Holt,* for appellant.—The construction of the will was erroneous: Gray v. Henderson, 71 Pa. 368; Fissel's App., 27 Pa. 55; Anewalt's App., 42 Pa. 414; Evans v. Chew, 71 Pa. 47; Waddell's Est., 196 Pa. 294; Smith v. Piper, 231 Pa. 378.

The devisee was estopped by joining in the deed: Com. v. Moltz, 10 Pa. 527; Evan's App., 63 Pa. 183; Willing v. Peters, 7 Pa. 287; Chapman v. Chapman, 59 Pa. 214; Maple v. Kussart, 53 Pa. 348.

*W. S. Morrison,* of *Hice, Morrison, May & Bradshaw,* for appellee, cited, as to the construction of will: Severn's Est., 211 Pa. 65; Fahnestock v. Fahnestock, 152 Pa. 56; Solliday's Est., 175 Pa. 114; Jones v. Caldwell, 97 Pa. 42; Cooper's Est., 206 Pa. 628; Stoner v. Zimmerman, 21 Pa. 394; Davidson v. Bright, 267 Pa. 580.

Flora J. Stewart was not estopped to claim balance of proceeds of sale of Kennedy coal, etc., in hands of executor, by her joining with executor in deed conveying said lands to Ohio River Coal Company.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:

John Nelson died leaving a will in which, after directing payment of his debts, he devised to his daughter

Flora, in fee, all the coal underlying what was known as the Kennedy farm, consisting of twenty-two acres, and directed that the residue of his estate be equally divided between his two daughters, Ella and Flora. In the following paragraph he gave his executor "full power and authority to sell all my real estate, wheresoever the same may be" and to do whatever he, in his discretion, might deem wise in handling the estate. The executor found the estate consisted of coal land encumbered with indebtedness aggregating $43,669.83. To pay the claims against testator, a sale of the real estate was necessary, including the property specifically devised to his daughter, Flora. After paying debts and expenses, there remained for distribution a balance of $3,980.83. Ella Stewart claimed one-half of this fund, on the theory that the specific devise to Flora was revoked by the general power given the executor to sell all realty and that the remainder of the proceeds of realty should be distributed under the residuary clause and equally divided between both daughters. The court below awarded the balance to Flora on the ground that the power of sale referred to the residue only and not to the part specifically devised, and, owing to the necessity to sell this part to pay debts, Flora was entitled to receive the remainder of the proceeds of the coal lands particularly devised to her.

Appellant argues that the grant of power to the executor to sell all his real estate, followed by the exercise of that power, amounted to a revocation of the earlier specific devise of the land. We cannot adopt this contention. The power to sell is not necessarily inconsistent with the previous devise. Both can stand together and full effect be given to every part of the will. Testator knew he was heavily indebted and that circumstances would probably arise, as in fact they did, making it desirable that the executor should have full power to sell even the property definitely devised. In absence of a necessity to sell, testator clearly intended his daughter Flora to receive the coal in question and the power of

sale was operative as to the remainder. The terms of the will did not constitute a conversion of the realty. A mere power of sale is insufficient for that purpose. There must be a positive direction or an absolute necessity to sell to execute the will, or such blending of real and personal estate as to show a clear intention to create a fund out of both and bequeath the same as money: Hunt's App., 105 Pa. 128, 141; Reel's Est., 272 Pa. 135. None of these requirements are present in this case. While testator may have been conscious of the fact that a sale of part or the entire property might be necessary for payment of debts, the necessity to sell, required by the will, must have been contemplated to carry out the scheme of the will and not merely a requirement as a matter of fact arising out of existing conditions after death: Reel's Est., supra. Consequently, we have merely a case of a specific devise of real estate which it is subsequently found necessary to sell to pay debts. The remainder in the hands of the executor, after such payments, was much less than the value of the coal property devised and as Flora Stewart was the only specific devisee, the balance was properly awarded to her, in accordance with the rule that a sale made necessary in connection with the settlement and distribution of the estate and not because of positive directions in the will to sell, does not alter the course of distribution: Henszey's Est., 220 Pa. 212; Tatham's Est., 250 Pa. 269, 281. The personal estate was first liable for debts and after that the lands not definitely devised. Since lands not devised failed to produce sufficient funds in the present case, the Kennedy farm coal devised to Flora became liable to whatever extent necessary to meet the deficit. The balance remaining was properly awarded to her. The fact that she joined in the conveyance by the executor did not affect her rights, since she took subject to indebtedness due creditors and the sale became necessary to satisfy such claims.

The decree of the court below is affirmed at the costs of appellant.