## Smith's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

366

*J. Wesley McWilliams* and *Saul, Ewing, Remick & Saul,* for exceptants.
*Townsend, Elliott & Munson,* contra.

HENDERSON, J., April 28, 1933.—After a careful study of the adjudication and of the briefs of counsel, we have reached the conclusion that the auditing judge was correct in his rulings and for the reasons given by him.

The question of conversion is ruled by our recent case of Dieterich's Estate, 16 D. & C. 733. The principle involved is well stated in Nelson's Estate, 278 Pa. 416 (1924), cited in the exceptant's brief: There must be "such blending of real and personal estate as to show a clear intention to create a fund out of both and bequeath the same as money. . . ."

The instant will gives and devises all the rest, residue and remainder of the estate, "real, personal and mixed," to the trustee to keep the same invested in "good and safe securities," with power of sale, and to pay the income to the widow, and upon her death "to pay over the principal of my said residuary estate to such persons and for such estates as the same would go to and vest in, under the Intestate Laws of Pennsylvania had I died intestate."

Herein we have a fund created by a blending of the real and personal estate, with a direction to invest in "safe securities" and finally a direction "to pay" to such persons as therein designated. All of which indicia point to a fund of personalty.

Loew's Estate, 291 Pa. 22, is strongly urged contra by the exceptant. In that case the widow took against the will and, hence, the Supreme Court said there was no reason "for viewing the real estate contained therein as other than real estate. Under the facts in this case, the trust was executed as of the date of testator's death; the widow's election took effect as of that date, and the real estate vested in those entitled thereto, as tenants in common, the widow of testator taking a one-third undivided interest, and the remaining six-ninths going to his three children, petitioners in the court below and appellees here."

The exceptions are dismissed and both adjudications are confirmed absolutely.