Stroud, Excr., *v.* McDowell et al., Appellants.

Argued April 16, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

A. E. Jones, Jr., with him A. E. Jones, of Jones, Whitehill & Lane and J. C. Glassburn, for appellants.

D. W. McDonald, Jr., with him M. B. McDonald, of McDonald, Gray & McDonald, for appellee.

OPINION BY BALDRIGE, J., July 18, 1935:

This appeal grew out of the issuance of a sci. fa. sur mortgage.

John B. Stroud died, testate, on September 20, 1914, leaving to survive him his wife, and five children, four by a former marriage and a son by the last marriage. The second paragraph of his will, dated December 27, 1909, reads as follows:

"I give and bequeath to my beloved wife, Dora Stroud, the house and lot in which we now live, situate in Dunbar Borough, Pennsylvania, adjoining lot of Louis Heurich, to have and to hold the same during her lifetime, and at her death, to be equally divided between my five children share and share alike. If the debt to the Connellsville Construction Company is not fully paid at my death, I direct that the balance that may be due them shall be taken out of the two houses on Speers Hill."

The testator, at the time of his death, owned certain property in Dunbar Borough, consisting of (a) a house and lot, wherein he and his family lived, which was encumbered by a mortgage of $1,350, and (b) four lots on Speers Hill, on which were erected two houses, against which was a mortgage of $975. By agreement of all concerned, the Speers Hill property was sold for $2,100. An account was filed by the widow, as executrix, wherein she charged herself with $3,315.82, which embraced the money derived from the sale of

the hill property, and took credit for $3,554.62, which included payment of the $975 mortgage and $384.70 interest accumulated from the death of her husband to July 5, 1919, on the mortgage against the home. The account showed a balance due the executrix of $238.80. She continued to pay interest on the remaining mortgage and at times made payments on account of the principal from her individual funds until March 27, 1926, when she completed payment of the principal, and the mortgage was assigned to her, and she owned it at her death on August 29, 1933.

The widow left a will, wherein she bequeathed and devised all her estate to her son Harry. On November 14, 1933, he, as executor of her will, issued a sci. fa. on the mortgage to collect the principal of $1,350, with interest from November 5, 1914, the date to which John B. Stroud had paid the interest. An affidavit of defense was filed to the sci. fa., which the lower court held to be insufficient, and entered a judgment in favor of plaintiff against defendants for the sum of $1,350, with interest from July 5, 1919.

The question before us is: Was the life tenant liable for the interest on this mortgage?

Other cases, with their varying facts and provisions, afford little aid, as each will must be individually construed. The appellee argues that the clear intent of the testator was that he did not want his home sold, but retained for his widow, and that she be relieved of paying interest on the encumbering mortgage. That, undoubtedly, was his intention, which could have been carried out if the money realized from the sale of the hill property had been sufficient to pay the mortgage. But, unfortunately, the mortgage obligation remained after that property was sold and the proceeds appropriated to pay other debts. Had the purchase money received from the sale of the hill property been applied by the executrix to the Connellsville Construction Com-

pany mortgage on the home, as the testator expressly directed, the estate would have been liable for the remaining indebtedness, with interest. If the payment of this principal had been postponed, the interest accumulated thereon would have been payable by the estate prior to the widow's receiving any income. If we accept the contention of the appellee, which was adopted by the learned court below, namely, that the widow was justified in electing not to sell the home property to pay the debts, and that her executor has a just claim for the interest accumulated on the mortgage since July 5, 1919, if she had lived long enough, the entire estate, which was not large, would have been absorbed. The testator's children in that event would have been deprived of any portion of his estate. There are no expressions in the will that warrant the conclusion that such a result was in accordance with the testator's wishes. Here, as in Nelson's Est., 278 Pa. 416, 123 A. 326, a sale of the home property should have been made, not by virtue of the terms of the will, but because it was necessary in the settlement of the estate.

To construe this will properly, we must consider it in its entirety. In Murray's Est., 313 Pa. 359, 362, 169 A. 103, the court said: "No other construction will give effect to every part of the instrument and it is well established that a will must be construed as a whole and so that all its provisions may take effect. In addition, the construction not only must avoid inconsistencies, if possible, but also must not disinherit an heir, except where required by plain words or necessary implication: Moore's Est., 241 Pa. 253 [88 A. 432]. See also Patton's Est., 268 Pa. 367 [112 A. 61], and cases there cited."

The will directed (1) the testator's debts to be paid; (2) his wife to have life estate in the home property; (3) the home to be given to his five children after the widow's death. Full effect must be given, not only to

the second provision, but also to the first and third provisions, which can not be ignored. If the debts, including the mortgage, had been paid, as the will clearly directed, and as the law contemplates should have been done, the home property necessarily would have been sold. The widow then would have had, for life, the interest on the money remaining, and, at her death, the remaindermen would have received their share of the principal as their inheritance.

The general rule is that a life tenant is liable for the payment of interest on an encumbering mortgage, unless otherwise provided in the will: Stark v. Byers, 213 Pa. 101, 62 A. 371. We think that rule must prevail, as we find in this will no direct provision against its operation. To hold that she was not liable for the interest must be largely by inference gleaned from the will that such was the testator's intention. We think the language in the will does not support such a deduction.

Judgment is reversed, with a procedendo. Costs of this appeal to be paid by the appellee.