**Jakob Estate**

*J. Pennington Straus* and *J. B. Millard Tyson,* of *Schnader, Harrison, Segal & Lewis,* for exceptants.

*John B. Gest,* of *Donahue, Irwin & Gest,* contra.

BOLGER, J., November 19, 1948.—While the intention of testator, Samuel French, may be in doubt, there are several reasons for sustaining the adjudication.

No one doubts that the trust was dissolved or that the estate of Mrs. Jakob is entitled; the only question remaining is the nature of her interest. The adjudication of Judge Van Dusen in 1929 governs this aspect of the case, and we are bound by it: Rahm's Estate, 226 Pa. 594. The auditing judge there held that testator's children were given absolute estates, the limitations thereon being insufficient to cut them down. On appeal on other grounds (301 Pa. 223) the Supreme Court said, inter alia, the trust was ended; that "there

is no warrant for the creation of a new one to carry out the original purpose", and that the fund was distributable either under the will or under the intestate law to his children. The court concluded: "It must be kept in mind that an heir cannot be disinherited except by plain words or necessary implication." In Hayden's Estate, 334 Pa. 403, it was held that when a determination is made that an absolute estate is given in a will, it will not be cut down unless testator has expressed a clear and unambiguous intention so to do, and that the placing of the gift in trust during the beneficiary's lifetime, in the absence of a clear intent to the contrary, does not reduce it to a mere life estate. Had the decision to dissolve been made while all of the children were alive, the question would admit of no doubt. Similarly, after the death of one or more of them, there being no requirement of survivorship and no gift over associated with the event of dissolution, the same result follows.

It will be observed that exceptant would have no standing were Mrs. Jakob's interest a purely contingent one, vested or vested subject to be divested, or if it came to her under the intestate law. There is but one remaining possibility to support his position, viz., that the interest was a transmissible contingent estate. This position does not avail him because no matter whether the gift be declared vested or subject to be divested or a transmissible contingent one, the result is the same, viz., the survival of Mrs. Jakob was not necessary for her estate to be entitled: Estate of Rebecca Moss, 80 Pa. Superior Ct. 323; Brooke's Estate, 214 Pa. 46. However, we accord with the auditing judge's conclusion that Mrs. Jakob's interest was vested, subject to be divested.

Exceptant would have us apply the fiction of equitable conversion when there is no real occasion for it. Mr. French's estate consisted of real estate which he

wanted retained because he directed that proceeds of sales be first applied in liquidation of liens upon other real estate. When real estate specifically devised is sold after the devisee's death by a trustee under a discretionary power, the proceeds devolve as real estate to the heirs of the deceased devisee: 1 Hunter's Pennsylvania Orphans' Court Commonplace Book 274; Henszey's Estate, 220 Pa. 212. Equitable conversion of the real estate was not effected here as of the date of original testator's death in 1895 because the sale was not necessary under the will, conversion was not in accord with testator's intention, and was not required to blend the assets: 1 Hunter's Pennsylvania Orphans' Court Commonplace Book 265. Conversion did not occur until the actual sale: Shareff's Estate, 143 Pa. Superior Ct. 465. The trustee's sale was made as a convenience of settlement and distribution of the estate under the discretionary power and not because of positive directions to sell. It, therefore, did not alter the course of devolution: Nelson's Estate, 278 Pa. 416. Had we the power to declare a conversion, we would refuse to do so because conversion would send the property out of the line of testator's blood: Henszey's Estate, supra.

The form of the award in the adjudication of 1929, to the personal representatives of original testator's children, did not classify the fund as personalty. It was not the function of the auditing judge at that time, nor was he asked to determine what was the nature of the estates so awarded. Such question was properly determinable at the audit of the accounts of such estates. The fund was realty, as Judge Ladner clearly points out.

The exceptions are dismissed and the adjudication is confirmed absolutely.