## Tenos Estate

Opinion by Rahauser, J., September 23, 1981:

This relates to exceptions taken to the decree of April 29, 1981 entered in the above estate, wherein the remainder of the estate after payment of debts, taxes and expenses, was directed to be divided between the decedent's two sons as provided in the fourth paragraph of the decedent's will.

The decedent, John Tenos, died May 18, 1980. Letters of administration c.t.a. were granted July 1, 1980 to John E. Tenos, son of the decedent.

The exceptant contends that the balance in the estate should have been awarded to the surviving spouse.

The will provided, inter alia:

"3. I give and bequeath to my wife, Isabell M. Tenos, the sum of Fifteen Hundred ($1,500) Dollars.

"4. I give and bequeath, in equal shares to my sons, John E. Tenos and George A. Tenos, the truck, car and all of the other equipment which I use in my landscaping business.

"5. I give and bequeath to the Reorganized Church of Jesus Christ of Latter Day Saints at Independence, Missouri, the sum of Two Thousand ($2,000) Dollars."

The vehicles were sold on September 15, 1981 for $4,125 in order to satisfy the claims against the estate.

After payment of the family exemption, expenses of administration, the inheritance taxes and decedent's debts, there remained $691.96 for distribution. This was directed to be paid to the two sons to satisfy their specific legacy.

The exceptant contends that if in the administration of

an estate it is necessary to sell the specific gift, the specific legacy falls and, therefore, the balance of $691.96 should have been directed to pay the general legacy of the widow.

The court holds that a specific legacy does not fall if in the administration of an estate it is necessary to sell the specific gift to pay the cost of estate administration. What the exceptant says about the specific legacies does not apply here. It does apply if the gift is still in existence after expenses of administration are paid and taxes paid.

Here, as in *Henry Est.*, 4 Adams 196, at page 198, Judge Sheely on March 9, 1963 said:

". . . Property specifically devised or bequeathed is preferred over property disposed of in the form of a general bequest. . . ."

The proceeds of the property specifically bequeathed to the two sons are to be paid to them before the general bequest to the wife is paid.

This case is analagous to *Nelson's Est.*, 278 Pa. 416, 419, where the court said:

"Consequently, we have merely a case of a *specific devise* of real estate which it is subsequently found necessary to sell to pay debts. The remainder in the hands of the executor, after such payments, was much less than the value of the coal property devised and as Flora Stewart was the only *specific devisee*, the balance was properly awarded to her, in accordance with the rule that a sale made necessary in connection with the settlement and distribution of the estate and not because of positive directions in the will to sell, does not alter the course of distribution: *Henszey's Est.*, 220 Pa. 212; *Tatham's Est.*, 250 Pa. 269, 281.)" (Italics supplied)

There was only $691.96 remaining for distribution. The specifically bequeathed legacy will be paid in the proportion that the assets are sufficient to satisfy the legacy. Here, the two specific legatees will be paid before any award is made toward the payment of the general legacy to the wife.